LEVY et al. v. LARSON.

(Circuit Court of Appeals, Ninth Circuit    February 8, 1909.)

No. 1,628.

1. BANKS AND BANKING (§ 154*)—ACTION BY DEPOSITOR FOR DEPOSIT—PLEAD-
ING.
   A complaint alleging that defendants were conducting a banking busi-
ness, that plaintiff deposited a stated sum of money with them to his
credit on open account and payable to him or his order on demand,
that payment of his check for the amount when presented was refused,
and that no part thereof has been repaid, states a cause of action for
its recovery; the latter allegation covering every manner of repayment to
plaintiff.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 516;
Dec. Dig. § 154.*]

2. CONTINUANCE (§ 51*)—ABSENCE OF WITNESS—SECOND CONTINUANCE—DIS-
CRETION OF COURT.
   The refusal of a motion for a second continuance of a cause, based
on the absence of a witness shown to be under indictment and a fugitive
from justice, was not an abuse of discretion.
   [Ed. Note.—For other cases, see Continuance, Cent. Dig. § 147; Dec.
Dig. § 51.*]

3. TRIAL (§ 419*)—WAIVER OF ERRORS—RULING ON MOTION FOR NONSUIT—
SUBSEQUENT INTRODUCTION OF EVIDENCE.
   A motion for a nonsuit made at the conclusion of plaintiff's evidence
is waived by the introduction of evidence by defendant after it has been
overruled.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig.
§ 419.*]

In Error to the District Court of the United States for the Third
Division of the Territory of Alaska.

Ostrander & Donohoe and R. F. Lewis, for plaintiffs in error.

Campbell, Metson, Drew, Oatman & MacKenzie, for defendant in
error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The defendant in error objects to a consid-
eration of the merits of this writ on the ground that the assign-
ment of errors was not filed in the court below until after the allow-
ance of the writ. From the printed transcript the point appears to
be well taken, but an examination of the original record shows that
at the time the order allowing the writ became effective the assign-
ment of errors was on file in the trial court.

The action was brought by the defendant in error to recover $2,000
deposited by him through his Seattle bank in the bank of the plain-
tiffs in error at Valdez, Alaska, and which the plaintiffs in error
shortly afterwards paid out to one McGovern, upon his representa-
tion that he was authorized to draw Larson's money. The latter de-
nied any such authority, and the question of agency was the real is-
sue tried before the court and jury.

Objection is here made to the sufficiency of the complaint; it is said that it does not state facts sufficient to constitute a cause of action. A reference to that pleading shows that there is no merit in the contention. It appears therefrom that the defendants were conducting a banking business at Valdez, and that on a certain named date the plaintiff caused to be deposited with them $2,000 "to the credit of plaintiff on open account, and payable to plaintiff or order on demand; and defendants took and received said money at said time and placed the same to the credit of plaintiff on open account, payable to plaintiff or order on demand"; and that thereafter, on a day named, the plaintiff drew and presented his check upon them at their bank for the $2,000 so deposited, payment of which was refused on the ground that he had no funds with the bank. The complaint contains a further allegation that no part of the money so deposited has been paid, and that the whole thereof is due him from the defendants. Nothing further was needed in the complaint. That a deposit of money in a bank, or with a banking concern, establishes the relation of debtor and creditor between the depositor and depository is well-established law. The allegation that no part of such money has been repaid to the depositor covers every manner of payment to him.

It is further contended on behalf of the plaintiffs in error that the court below abused its discretion in refusing their motion for a continuance of the trial of the case. The record shows that McGovern was indicted by a grand jury in Alaska for drawing Larson's money from the bank in question, and fled; that about six months after the present action was brought it came on for trial, when the defendants thereto asked for a continuance on the ground that McGovern was an important witness for them, and that they had been unable to procure his attendance; to which continuance the plaintiff consented. At the succeeding term of the court—some five months later—the case again came on for trial, when the defendants thereto again asked for a continuance, the only ground now calling for consideration being the continued absence from Alaska of McGovern—an affidavit in support of the motion stating that he was then under indictment and a fugitive from justice, and that when last heard from he was in California. Under such circumstances, it needs no argument or authorities to show that there was no such abuse of the discretion of the court in refusing another continuance of the trial as would justify any interference here.

It is also contended for the plaintiffs in error that the court below erred in refusing to grant their motion for a nonsuit. The record shows that such a motion was made upon the conclusion of plaintiff's case, and denied by the court; whereupon the defendants introduced evidence on their own behalf and went to the jury without any motion for an instructed verdict. The rule is well settled that a motion for a nonsuit, upon which the party making it does not choose to stand, is waived by the subsequent introduction of evidence on his own behalf.

The record shows that the evidence upon the question as to McGovern's agency was sharply conflicting. It was, therefore, plainly a matter for the jury, under appropriate instructions. And since there is no assignment calling in question any of the instructions of the trial court, there is nothing to do but to affirm the judgment.

The judgment is affirmed.